WILLIAM H. HARRIS, Appellant, v. WILLIAM M. KASSON, Respondent.

Plaintiff's complaint alleged a sale and delivery to defendant of certain tools and machines. Plaintiff's evidence was to the effect that by a contract between him and G., he sold and assigned to G. the articles in question with other property, the latter agreeing to start a manufacturing business, and to continue the same for two years, employing plaintiff therein, and paying him one-half the profits. At the expiration of the two years, if G. concluded to give up the business, he agreed to reassign to plaintiff upon being refunded the sum paid, and certain expenses and disbursements; in case G. concluded to continue the business, he had the right so to do for three years longer on the same terms and conditions, and at the end of the three years he agreed to reassign to plaintiff, on being reimbursed as aforesaid, or to take plaintiff into partnership. Defendant subsequently agreed to pay plaintiff $300 to release or transfer whatever rights he had under the contract to G., so that the latter might convey to defendant's son a clear title to the property; this plaintiff did, and G. conveyed. Plaintiff asked to recover the $300. Defendant moved for a nonsuit, on the ground that the evidence failed to establish a sale and delivery of goods as alleged in the complaint. No attempt was made to obviate the objection by amendment, and the motion was granted. *Held*, no error; that the contract between plaintiff and G. conveyed the legal title to the property in question to the latter, plaintiff retaining no interest, the transfer of which could be treated as a sale and delivery of goods; that assuming plaintiff had an equitable interest, an agreement to pay for a release of this interest could not sustain the action.

(Submitted November 24, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendant, entered upon an order overruling exceptions and directing judgment upon an order nonsuiting plaintiff on trial.

The complaint in this action alleged a sale and delivery by plaintiff to defendant of certain tinners' machines and tools specified at, and for the price of, $300.

Plaintiff's evidence was to the effect that in March, 1869, he and one Gilbert entered into a written contract, by the terms of which plaintiff, for the consideration of $200, and of the agreement by Gilbert, sold and assigned the property in question, with certain letters patent, to Gilbert, Gilbert

agreeing to procure a suitable store or shop, and to go into the tin, copper and sheet iron business, and if the same proved remunerative to continue the business for two years, employing the plaintiff therein and paying him for his services one-half the net profits. At the conclusion of the two years, if Gilbert decided to give up the business, he agreed to reassign the property conveyed on being refunded the $200 and the costs of new patterns, materials, stock, etc., then on hand; in case he concluded not to give up the business, he was authorized to continue the same three years longer on the same terms and conditions, and at the end of the three years to surrender it and assign the property to plaintiff, on being refunded the cost as aforesaid. Defendant having opened negotiations with Gilbert to buy out the business for his son, he agreed to pay plaintiff $300 for his interest, which the latter agreed to transfer to Gilbert, so that he could transfer the whole to defendant's son; the transfers were made accordingly.

At the close of plaintiff's evidence defendant's counsel moved for a nonsuit, on the ground that the complaint was for goods sold and delivered, and that the evidence failed to establish any such sale; the motion was granted, to which plaintiff's counsel duly excepted. Exceptions were ordered to be heard at first instance at Special Term.

*John C. Strong*, for appellant. The taking possession of the property was a completion of the purchase, and took the case out of the statute of frauds. (*McKnight* v. *Dunlop,* 5 N. Y., 537; *Houston* v. *Shindler,* 11 Barb., 36; *West* v. *Newton,* 1 Duer, 277.)

*Sherman S. Rogers*, for respondent.

RAPALLO, J. One of the grounds of nonsuit was that the complaint was for goods sold and delivered, and that the evidence failed to establish any such sale. No attempt appears to have been made to obviate this objection by amendment, and the question is therefore sharply presented

whether a cause of action for goods sold and delivered by plaintiff to defendant was made out. Even though we should be of opinion that some other cause of action might be spelled out of the evidence, it would not aid the plaintiff on this appeal.

We think that under the contract of 1869, between the plaintiff and Gilbert, the legal title to the tools and patterns in controversy became vested in Gilbert, and that all the plaintiff had was the personal covenant of Gilbert to resell the same to him in the events and on the conditions specified in the contract, or to take the plaintiff into partnership at the end of five years if the business should not sooner be given up. We do not think that the plaintiff retained any title to the property, a transfer of which to a third party could be treated as a sale and delivery of goods. The agreement between the plaintiff and defendant, to which the plaintiff testified, although he calls it a sale of his interest, was in substance that the defendant would pay the plaintiff $300 for releasing or transferring whatever rights he had under the contract, to Gilbert, so that Gilbert might convey a clear title to the property to the defendant's son, and the latter might go on with the business in connection with plaintiff, or employing plaintiff as Gilbert had done, but free from any agreement to resell. "Without any drawback or comeback," as the plaintiff expresses it. Even assuming that the plaintiff, under his contract with Gilbert, had some equitable interest in the property which could be enforced against a vendee of Gilbert who had notice of the plaintiff's rights, proof of an agreement by the defendant to pay the plaintiff for a release of such equitable interest could not sustain an action for goods sold and delivered by plaintiff to defendant. The sale and delivery proved, were by Gilbert, who had the legal title, to the defendant's son, and not by the plaintiff to the defendant.

The judgment should be affirmed.

All concur.

Judgment affirmed.